<table>
<tr><td>DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 South Tejon Street<br>Colorado Springs, Colorado 80903</td><td rowspan="2">DATE FILED: November 2, 2023 10:55 AM<br>FILING ID: 3091849C562EB<br>CASE NUMBER: 2023CV32107<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff: Sandi Olkjer<br><br>v.<br><br>Defendants: The Home Depot U.S.A., a foreign corporation</td></tr>
<tr><td>Attorney for Plaintiff:<br>Bradley Pollock, Esq., #9139<br>BELL & POLLOCK, P.C.<br>7555 East Hampden Avenue, Suite 200<br>Denver, Colorado 80231<br>Telephone: 303-795-5900<br>Facsimile: 303-730-7000</td><td>Case Number:<br><br>Div:</td></tr>
<tr><td colspan="2">COMPLAINT AND JURY DEMAND</td></tr>
</table>

**COMES NOW,** the Plaintiff, Sandi Olkjer, an individual, by and through her attorneys, Bell and Pollock P.C. and for her complaint against the Defendant, Home Depot U.S.A., a foreign corporation and in support of her complaint states as follows:

## INTRODUCTORY ALLEGATIONS

1. Plaintiff, Sandi Olkjer ("Olkjer"), is an individual, resident, and domiciliary of the State of Colorado.

2. Defendant, Home Depot U.S.A., (herein "Defendant" or "Home Depot") is a foreign corporation, in good standing, with its principal place of business 2455 Paces Ferry Road, Atlanta, Georgia 30339, and with its registered agent, Corporation Service Company, located at 1900 West Littleton, Boulevard, Littleton, Colorado 80120.

3. The tortious conduct described herein occurred at the Home Depo U.S.A. store #1541, 15888 Jackson Creek Parkway, in Monument, El Paso County, Colorado 80132.

4. Court has personal and subject matter jurisdiction over this matter pursuant to C.R.S. § 13-1-124(a), (b), and (c).

5. The venue is proper in this matter pursuant to C.R.C.P. Rule 98.

EXHIBIT A

## GENERAL ALLEGATIONS

6. Defendant Home Depot U.S.A. is a foreign corporation.

7. Upon information and belief, Home Depot U.S.A. owns, operates, or otherwise manages The Home Depot located at 15888 Jackson Creek Parkway, Monument, Colorado 80132.

8. On November 2, 2021, Sandy Olkjer was an invitee to Home Depot.

9. At all times pertinent, Plaintiff was a business invitee for all purposes under the Colorado Premises Liability Act (C.P.L.A.) C.R.S. § 13-21-115.

10. Plaintiff was at Home Depot for a business purpose, and accordingly, Defendant Home Depot owed the highest degree of care to Plaintiff.

11. Defendant Home Depot, at all times pertinent, was an authorized agent or person in possession of the subject real property.

12. Defendant Home Depot, at all times pertinent, was or is a person or entity legally responsible for the activities conducted on the real property or circumstances existing on the real property.

13. Pursuant to the Colorado Premises Liability Statute (C.P.L.A.), Home Depot was and is a landowner as defined by such statute.

14. Defendant placed a pallet in the middle of an aisle. There were no warning signs, and nothing was roped off to prevent injury.

15. There was a loose strap attached to the base of the pallet.

16. Plaintiff was injured when she stepped back, caught her foot on the loose strap and when trying to free her foot she tripped on the pallet.

17. Plaintiff suffered injuries, including to her back, spine, neck and head when she fell on the concrete floor.

18. Leaving a pallet in the middle of an aisle created a dangerous and/or hazardous condition.

19. Defendant knew or should have known that leaving a pellet in the middle of an aisle created a dangerous condition on the property.

20. Defendant failed to properly maintain a safe store environment.

21. Defendant is responsible for, and liable for, all dangerous conditions and dangerous activities. The premises had dangerous conditions and dangerous activities.

22. As a direct and proximate result of the negligence of Defendant and/or the dangerous conditions, Plaintiff tripped and fell, injuring her back, spine, neck and head.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT HOME DEPOT**
**(Colorado Premises Liability Act C.R.S. § 13-21-115)**

1.1 Plaintiff restates and incorporates by reference allegations 1 - 22 as if more fully set forth herein.

1.2 At all times pertinent, Home Depot was a landowner of Home Depot and under C.P.L.A. was legally responsible for the condition of the premises and/or the activities conducted or circumstances existing on the premises including those described herein. Nevertheless, it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated, and/or created dangerous conditions, and/or activities, all of which, or some of which, caused Plaintiff's injuries, damages and losses.

1.3 On November 2, 2021, Plaintiff entered the premises to engage in retail commerce and, accordingly, was an invitee as defined in C.P.L.A.

1.4 An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they knew of or should have known.

1.5 The presence of a pallet in the middle of an aisle is an unreasonable failure to exercise reasonable care to protect Plaintiff from tripping and/or falling on the premises. Home Depot knew or should have known of the dangerous conditions created by a pallet in the middle of an aisle.

1.6 There was no warning, no sign, no corrective action taken, no safety precautions, and/or nothing to alert, warn or prevent Plaintiff from injuring herself.

1.7 Plaintiff suffered injuries, damages and losses, including, but not limited to, substantial physical injuries, loss of ability to enjoy life as she did before the incident, emotional distress, medical expenses, pain and suffering, and all other damages, injuries, and losses.

1.8 All damages to Plaintiff are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief as it is more particularly hereinafter set forth.

WHEREFORE, Plaintiff, Sandi Olkjer, prays for judgment in favor of the Plaintiff and against Defendant, on account of the matters outlined in the Initial Allegations and the First Claim for Relief, in an amount which will fully compensate Plaintiff for her injuries, damages, and losses, in the past, present and future, (all damages are in past, present and future) including past, present and future medical expenses, past, present and future pain and suffering, personal injuries, permanent injuries, permanent physical impairments, permanent functional problems, rehabilitation, life care expenses, vocational damages and losses, economic damages and losses, life care plan and all related expenses, for family members taking care of Plaintiff, transportation expenses and damages, traumatic brain injury, brain injury, cognitive losses, mental impairments, including physical brain/head impairments, physical impairments, anxiety, grief, permanent emotional and physical impairments, life style changes, orthopedic injuries, physical injuries and impairments, restrictions, building accommodations, for loss of ability to enjoy life as she did before the incident, for her lost time, economic losses, including lost wages, and impaired earning capacity, emotional damages, lost home services, for costs, expert witness fees, interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as to the court appears proper in the premises.

**PLAINTIFF HEREBY DEMANDS TRIAL TO A JURY OF SIX**

Respectfully submitted this 2nd day of November 2023.

BELL & POLLOCK, P.C.
*(Original Signature on File w/Bell & Pollock, P.C.)*

By *<u>/s/Bradley P. Pollock</u>*
Bradley P. Pollock, #9139
*Attorney for the Plaintiffs*

Plaintiffs Address:
23984 Elbert Street
Elbert, Colorado 80106